# United States District Court

FOR THE
**NORTHERN DISTRICT OF CALIFORNIA**
**CRIMINAL DIVISION**
VENUE: SAN FRANCISCO

FILED
2011 JUN 23 P 3: 38

---

UNITED STATES OF AMERICA,

v.

██████████ AMARA LANZ MOON

**CR 11 0404**

**WHA**

DEFENDANT.

---

## INDICTMENT

18 U.S.C. § 1341- Mail Fraud

A true bill.

_____
Foreman

Filed in open court this _____ day of
_____

_____
Clerk

Bail, $ _____

FILED PER SC 3170

JUN 23 2011

RICHARD W. WIEKING
CLERK, U.S. DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA

WHA

CR 11 0404

| | DEFENDANT INFORMATION RELATIVE TO A CRIMINAL ACTION - IN U.S. DISTRICT COURT | |
|---|---|---|
| BY: ☐ INFORMATION ☑ INDICTMENT | | CASE NO. |
| Matter Sealed: ☐ Juvenile ☑ Other than Juvenile<br>☐ Pre-Indictment Plea ☐ Superseding ☐ Defendant Added<br>☐ Indictment ☐ Charges/Counts Added<br>☐ Information | | USA vs.<br>Defendant: Tamara Lanz MOON |
| Name of District Court, and/or Judge/Magistrate Location (City)<br>UNITED STATES DISTRICT COURT — Northern California (SF)<br>DISTRICT OF — Divisional Office | | Address: |
| Name and Office of Person Furnishing Information on THIS FORM | Melinda Haag<br>☐ U.S. Atty ☐ Other U.S. Agency<br>Phone No. (415) 436-7200 | ☐ Interpreter Required  Dialect: |
| Name of Asst. U.S. Attorney (if assigned) | Doug Sprague | Birth Date _____<br>☐ Male ☐ Alien<br>☑ Female (if applicable) |

### PROCEEDING

Name of Complainant Agency, or Person (& Title, if any)
Federal Bureau of Investigation

Social Security [redacted]

☐ person is awaiting trial in another Federal or State Court (give name of court)

☐ this person/proceeding transferred from another district per (circle one) FRCrP 20, 21 or 40. Show District

☐ this is a reprosecution of charges previously dismissed which were dismissed on motion of:
☐ U.S. Atty ☐ Defense

☐ this prosecution relates to a pending case involving this same defendant. (Notice of Related Case must still be filed with the Clerk.)

☐ prior proceedings or appearance(s) before U.S. Magistrate Judge regarding this defendant were recorded under

SHOW DOCKET NO.

MAG. JUDGE CASE NO.

Place of offense _____ County _____

### DEFENDANT

Issue: ☑ Warrant ☐ Summons

Location Status:

Arrest Date _____ or Date Transferred to Federal Custody _____

☐ Currently in Federal Custody
☐ Currently in State Custody
  ☐ Writ Required
☐ Currently on bond
☐ Fugitive

Defense Counsel (if any): _____

☐ FPD ☐ CJA ☐ RET'D

☐ Appointed on Target Letter

☐ This report amends AO 257 previously submitted

---

### OFFENSE CHARGED - U.S.C. CITATION - STATUTORY MAXIMUM PENALTIES - ADDITIONAL INFORMATION OR COMMENTS

Total # of Counts 1

| Set | Title & Section/Offense Level<br>(Petty = 1 / Misdemeanor = 3 / Felony = 4) | Description of Offense Charged | Count(s) |
|---|---|---|---|
| | 18 U.S.C. Section 1341 | Mail Fraud | 6 |
| | Maximum penalties (EACH COUNT): 20 years imprisonment; $250,000 fine; 3 year term of supervised release; $100 special assessment | | |

1  MELINDA HAAG (CSBN 132612)
   United States Attorney



UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, ) <br> Plaintiff, ) <br> v. ) <br> TAMARA LANZ MOON, ) <br> Defendant. ) | No. CR 11 0404 <br><br> VIOLATIONS: Title 18, United States Code, Section 1341—Mail Fraud; Forfeiture Allegation (18 U.S.C. § 981(a)(1)(C) and 28 U.S.C. § 2461(c)) |

INDICTMENT

The Grand Jury charges:

Introductory Allegations

1. From approximately 1996 until she was fired in March 2008, the defendant, Tamara Lanz Moon ("MOON"), was employed as a sales assistant by the financial institution Smith Barney. In or about 1998, Smith Barney became a division of Citigroup Global Markets, Inc. (Citigroup). MOON worked in Citigroup's branch office in Palo Alto, California.

2. MOON was registered as a General Securities Representative, and she held both a Series 7 and a Series 63 license from the Financial Industry Regulatory Authority; those licenses permitted her, among other things, to sell securities. As part of her duties, MOON executed trades for brokers who supervised her, and she handled most of the paperwork related to these

INDICTMENT



1 | trades for certain clients.

## The Scheme to Defraud

3. As set forth in more detail below, from at least 2003 through her termination in March 2008, MOON stole more than $800,000 from more than 20 of Citigroup's clients. To execute her scheme to defraud, MOON falsified numerous account records, forged client signatures, and made unauthorized trades in client accounts. MOON used the proceeds of her scheme for her own personal benefit, including to remodel her home, to make residential mortgage payments, to pay her credit card bills, and to make investments in real estate.

4. In furtherance of her scheme to defraud, MOON forged victim R.F.'s signature on fraudulent letters of authorization to Citigroup requesting that the address on R.F.'s account be changed to MOON's home address. Subsequently, MOON, without authorization, sold bonds held in R.F.'s accounts. MOON created and submitted fraudulent letters of authorization to Citigroup requesting that Citigroup issue checks, totaling more than $55,000, made payable to one of MOON's personal bank accounts. Citigroup mailed the checks to MOON's home address, the new address of record for R.F.'s account.

5. MOON also caused the unauthorized transfer of approximately $80,000 from victim A.M.'s Citigroup accounts into MOON's personal bank accounts. To conceal her scheme, MOON forged A.M.'s signature on a letter of authorization to Citigroup requesting that the address on A.M.'s account be changed to MOON's home address.

6. Similarly, on or about February 10, 2006, MOON, without authorization, created and submitted a fraudulent "Individual Retirement Account Distribution Request" instructing Citigroup to distribute victim A.L.'s retirement account to a certain Citbank account number. The recipient account was MOON's personal home equity line of credit. As a result, on or about February 17, 2006, and June 9, 2006, Citigroup issued checks in the amount of $37,691.17 and $65,500, respectively, payable to MOON's home equity line of credit at Citibank.

7. On or about August 20, 2006, MOON, without authorization, created a Citigroup account (hereinafter "-750 account") in the name of victim D.S. and funded it with money from another Citigroup client. Approximately one week later, MOON, again without authorization,

INDICTMENT                                    2

1  created another Citigroup account (hereinafter "-751 account") in the name of MOON's father.
2  MOON then created and submitted a fraudulent letter of authorization in which victim D.S.
3  purportedly requested that Citigroup transfer $150,000 from the -750 account to the -751
4  account. In the fraudulent letter of authorization, MOON falsely claimed that the -751 account
5  belonged to D.S.'s brother. MOON subsequently created additional fraudulent letters of
6  authorization causing the transfer of thousands of dollars out of the -751 account to pay down
7  MOON's personal home equity line of credit.

8      8.    MOON also caused victim B.B.'s entire Individual Retirement Account (IRA) to
9  be transferred into MOON's personal home equity line of credit account without authorization.
10 On or about January 3, 2007, and April 2, 2007, MOON created and submitted fraudulent IRA
11 distribution requests to Citigroup purporting to reflect B.B.'s instructions to transfer $3,000 and
12 $24,489.53, respectively, into MOON's personal home equity line of credit at Citibank.

13     9.    MOON used victim E.H.'s account at Citigroup to conduct multiple aspects of her
14 scheme. For example, on or about January 5, 2007, Moon created a fictitious letter of
15 authorization instructing Citigroup to issue a $1,000 check from E.H.'s account to one of
16 MOON's personal accounts. Later that year, MOON forged E.H.'s signature on another
17 fraudulent letter of authorization directing that Citigroup send, via Federal Express, a $20,000
18 check to victim A.L. This $20,000 check was, in truth, to repay some of the funds that MOON
19 had stolen from victim A.L.'s IRA, as set forth above in Paragraph 6. Finally, on or about
20 February 11, 2008, MOON forged E.H.'s signature on another fictitious letter of authorization
21 instructing Citigroup to send, via Federal Express, a $15,000 check made payable to D.L.
22 Management, LLC, out of E.H.'s account. D.L. Management, LLC, was the company that
23 managed properties MOON owned in Louisiana.

24     10.    MOON defrauded victim G.S., another Citigroup client, by creating fraudulent
25 letters of authorization instructing Citigroup to transfer funds from G.S.'s account to MOON's
26 accounts. On or about June 27, 2007, MOON created and submitted a letter of authorization
27 requesting that Citigroup transfer $2,500 from G.S.'s account to another account. MOON
28 concealed from Citigroup that the latter account was MOON's personal home equity line of

INDICTMENT                                            3

credit. After that transfer was executed on or about July 2, 2007, MOON created and submitted another fraudulent letter of authorization requesting that Citigroup transfer $5,000 into another account, again concealing that the receiving account was MOON's. Finally, MOON executed unauthorized transfers out of G.S.'s account to reimburse other Citigroup clients from which MOON had stolen funds.

COUNTS ONE THROUGH SIX: (18 U.S.C. § 1341 – Mail Fraud)

11. Paragraphs 1 through 10 are realleged and incorporated herein by reference.

12. On or about the dates set forth below, in the Northern District of California and elsewhere, the defendant,

TAMARA LANZ MOON,

for the purpose of executing her scheme and artifice to defraud, and to obtain money and property from Citigroup clients by means of materially false and fraudulent pretenses, representations, and promises, and by material omissions, did knowingly cause the mail matter listed below to be deposited, sent, and delivered by the United States Postal Service and interstate carrier:

| COUNT | DATE OF MAILING | ITEM MAILED |
|---|---|---|
| 1 | June 29, 2007 | $3,171.34 check payable to Countrywide |
| 2 | July 2, 2007 | $2,500 check payable to Citibank |
| 3 | July 13, 2007 | $5,000 check payable to Citibank |
| 4 | October 15, 2007 | $20,000 check payable to A.L. |
| 5 | February 14, 2008 | $15,000 check payable to D.L. Management LLC |
| 6 | March 19, 2008 | $50,000 check payable to S & K Summit Investments, LLC |

All in violation of Title 18, United States Code, Section 1341.

**FORFEITURE ALLEGATION**: (18 U.S.C. § 981(a)(1)(C) and 28 U.S.C. § 2461(c))

13. The allegations of Counts One through Six of this Indictment are realleged and fully incorporated herein for the purpose of alleging forfeiture pursuant to the provisions of 18 U.S.C. § 981(a)(1)(C) and 28 U.S.C. § 2461(c).

INDICTMENT                          4

14. Upon a conviction of any of the offenses alleged in Counts One through Six, the defendant,

TAMARA LANZ MOON,

shall forfeit to the United States all property constituting and derived from proceeds traceable to that offense, including but not limited to a sum of money equal to the amount of proceeds obtained as a result of the offense.

15. If any of said property, as a result of any act or omission of the defendant:

(a) cannot be located upon the exercise of due diligence;

(b) has been transferred to, sold to, or deposited with a third person;

(c) has been placed beyond the jurisdiction of the Court;

(d) has been substantially diminished in value; or

(e) has been commingled with other property which cannot be subdivided without difficulty; any and all interest defendant has in other property shall be vested in the United States and forfeited to the United States pursuant to Title 21, United States Code, Section 853(p), as incorporated by Title 28, United States Code, Section 2461(c) and Rule 32.2 of the Federal Rules of Criminal Procedure.

DATED: June 23, 2011

A TRUE BILL.

_____
FOREPERSON

MELINDA HAAG
United States Attorney

_____
MIRANDA KANE
Chief, Criminal Division

(Approved as to form: _____ )
AUSA Sprague

INDICTMENT  5